(75 App. Div. 149.)

### BRIGGER v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. PLEADING AND PROOF—VARIANCE.
    Under a complaint for services performed under an agreement between plaintiff and defendant's executive committee, plaintiff cannot prove another contract with an agent of defendant.
2. AGENTS—PROVING AUTHORITY TO CONTRACT.
    Plaintiff cannot prove a contract for services, made with defendant's supervisor of agents, till he proves the agent had authority to make such a contract.
3. CONTENTS OF WRITING—ORAL EVIDENCE.
    A witness cannot give oral evidence of the contents of a letter received by him where he says he has not looked for it, though he says he was not able to find it, and that probably in the lapse of time it got lost.

Appeal from Rensselaer county court.

Action by Charles W. Brigger against the Mutual Reserve Fund Life Association, commenced in the city court of Troy, and appealed to the county court, where there was a new trial. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

¶ 3. See Evidence, vol. 20, Cent. Dig. § 634.

Warren McConihe, for appellant.
John P. Taylor, for respondent.

KELLOGG, J.  The complaint in this case alleges a cause of action for services in the capacity of solicitor for life insurance, performed, and to be paid for, "according to the terms of a certain agreement made between said plaintiff and the executive committee of the said defendant."  At the commencement of the trial, plaintiff introduced in evidence two contracts in writing made by him with such executive committee, which covered the whole subject of employment and pay therefor.  It became apparent from his own testimony that he had not performed as the contracts contemplated, and that defendant owed him nothing.  The plaintiff then undertook, without change in the complaint, to establish an oral contract for services made with one Kellogg, an agent of the company, for soliciting insurance, and who exercised the functions of a supervisor of other agents, inspecting their work and reporting to the company the results of such inspection. The defendant objected to this attempt to prove a new contract, as "not within the issues and pleadings"; also that there was no proof of authority in Agent Kellogg to bind the company by such a contract. But the learned court overruled the objection, and allowed the proof, and on this proof the recovery was based; the court charging the jury that plaintiff had no cause of action under the written contracts. This was error, and sufficient cause for reversal of this judgment.  No proof of such a contract could be made without being first alleged in the complaint.

No conversation with Agent Kellogg which could be interpreted into a contract was permissible until it was first shown that this agent was authorized by the company to make a new contract, or modify the old one.  No such proof was offered.  The letter of the defendant advising that Mr. Kellogg would be in Troy was not produced.  The person to whom it was sent was called by plaintiff, and testified:

"I received a reply to my letter.  Q. Have you got that reply here?  A. No, I have not.  Q. Have you looked for it?  A. I don't know that I have."

He further says that he was not able to find it, and that probably in the lapse of time it got lost; but, not having been looked for, it is quite probable that he was not able to find it otherwise, but no probability arises that it was lost.  The court, notwithstanding the objection of defendant, permitted the witness to give the contents of this letter as showing authority in Agent Kellogg to make the new contract or modify the old one.  This was error which also requires a reversal of this judgment.

The witness Kellogg testified that he had no authority from the company, general or specific, to make the alleged modification, or to make any new contract; and his testimony should have been taken as conclusive as the case stood at its close.  The learned trial court also admitted, over defendant's objection, many conversations between plaintiff and one Beaton, another soliciting agent of the company. There is not any proof that this agent was authorized to speak for defendant.  The power of this agent was in writing, and in evidence. So far as such conversations had a bearing upon the liability of defend-

ant to plaintiff, or tended to establish such a liability otherwise than as fixed by the written contracts, they were inadmissible. The motion for a nonsuit should have been granted.

The judgment is reversed, with costs of this appeal and costs in the county court and city court, and a new trial is granted in the city court of Troy.

Judgment and order reversed on law and facts, with costs of this appeal and costs in the county court and city court to the appellant, and new trial granted in the city court of Troy. Order to be settled by FURSMAN, J. All concur.